## West Chicago Street Railroad Company v. C. Burton Phillips Lyon.

1. ORDINARY CARE—*Presence of Imminent Peril.*—A railroad company is bound to exercise the highest degree of care and skill to insure the safety of its passengers, and if to avoid imminent peril, caused by the conduct of the company, a passenger, in the exercise of ordinary care and prudence for his own safety, steps off the car and is injured, the company is liable.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

EDMUND FURTHMANN and VAN VECHTEN VEEDER, attorneys for appellant.

ERNEST DALE OWEN and MALCOLM DALE OWEN, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee, claiming to have been injured by the conduct of appellant's servants while he was passenger on its road, brought therefor suit and has recovered $3,000.

It appears that the car upon which appellee was riding, proceeding eastward, having crossed the Harrison street viaduct, as it reached the incline leading down to the bridge, slid upon the rails and could not be stopped by the brake, thus being in danger of colliding with a wagon in front. Appellee was then standing upon the front platform, and according to his testimony the driver swung his horses to one side, they being thus thrown down. The driver was drawn along by the lines and reached out and clutched hold of appellee, dragging him off the car so that he fell upon the pavement and was injured.

By the testimony of other witnesses it appears that appellee, alarmed at the threatened collision, voluntarily stepped off the car, fell and was injured.

We think it the more probable that in the last mentioned manner was the injury caused.

Appellee being a passenger, appellant was bound to exercise the highest degree of care and skill to insure his safety; and if to avoid an imminent peril caused by the conduct of appellant, he, in the exercise of ordinary care and prudence for his own safety, stepped off the car, and in so doing was injured, the defendant is liable.

The record here presented leaves in our minds much doubt as to the cause of the accident and the extent of the injury appellee suffered therefrom. If we were to be at all influenced by a paper, purporting to be signed by appellee, not filed, but sent to us, we should, from the senseless malignancy and passion therein displayed, be led to regard with grave suspicion all the testimony given by appellee as to the circumstances under which he fell, as well as the

damage he claims was occasioned to him by the accident. Disregarding entirely such improper address, we find no sufficient reason for reversing the verdict, approved as it has been, by the judge before whom the cause was tried.

The judgment of the Circuit Court will therefore be affirmed.